IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELISA CASTILLO, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:17-CV-521-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by Petitioner, Elisa Castillo, a federal prisoner confined at FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a life sentence for her convictions in the Southern District of Texas for conspiracy to possess with intent to distribute cocaine and conspiracy to commit money laundering. Resp't's Resp. 2, doc. 6. This habeas petition involves the Initiative on Executive Clemency (IEC) for federal prisoners. Pet. Ex. A, ECF No. 1. According to the "Notice to Inmates: [IEC]," attached to the petition as exhibit A, the Department of Justice (DOJ) announced the IEC in April 2014 as an "invitation" to prisoners to petition for executive clemency, seeking to have their sentences commuted, or reduced, by the president. *Id.* Prisoners were notified that the IEC is limited to inmates who:

- Are currently serving a federal sentence in prison and, by operation of law, likely would have received a substantially lower sentence if convicted of the same offense(s) today;

- Are non-violent, low-level offenders without significant ties to large-scale criminal organizations, gangs, or cartels;

- Have served at least 10 years of their sentence;

- Do not have a significant criminal history;

- Have demonstrated good conduct in prison; and

- Have no history of violence prior to or during their current term of imprisonment.

*Id.* Petitioner neither alleges nor demonstrates that she has filed a formal petition for clemency.

## II. ISSUES

By way of this habeas action, Petitioner claims that former President Obama and the DOJ exercised executive clemency power and agency action in violation of the United States Constitution and federal regulations "in reviewing and granting clemency and/or sentence commutations." Pet. 1, ECF No. 1. Specifically, she lists the following alleged constitutional and statutory violations (all spelling, punctuation, and/or grammatical errors are in the original):

1. Ex Post Facto Clause violation where the DOJ changed the criteria for qualifying for clemency, making it more onerous to qualify under the IEC than 28 CFR §§ 1.0-1.11. The criteria for the IEC were not in effect when the Petitioner committed her offense.

2. Equal Protection Clause violation where many male prisoners were released, who had not served 10 years, were not first offenders, and had firearms, were granted clemency and/or sentence reductions, while less than 10% of the inmates granted clemency were women.

3. Substantive Due Process violation where violent, career offenders were released after serving less than 10 years, but the Petitioner, a offender with no history of violence, and a good prison disciplinary record was denied release.

4. APA violation, where the DOJ made substantive changes to the clemency regulations and procedures, but failed to comply with the "notice and

2

> comment" requirements of Sections 551 and 553, which makes all decisions granting or denying clemency void ab initio.
>
> 5. In accordance with the *Accardi* Doctrine, *Accardi v. Shaughnessy,* 347 U.S. 260 (1954), agencies are required to comply with their own regulations. If exceptions are made, then the same must be applied to those similarly situated. As stated above, many male prisoners with violent criminal histories, in and out of prison, were granted release.

Pet. 2, ECF No. 1. Petitioner seeks immediate release from custody. *Id.* at 1.

## III. DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this Court has jurisdiction to review her claims under the Administrative Procedures Act (APA) as follows:

> The [APA], 5 U.S.C. § 706, provides a reviewing court may set aside an agency action that is arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law. The APA also requires a court to hold unlawful and set aside agency action, findings, and conclusions found to be . . . otherwise not in accordance with law.

Pet. at 1-2, ECF No. 1.

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to demonstrate that she is entitled to relief under the APA as she has suffered no "legal wrong" nor has she been adversely affected by the DOJ's actions within the meaning of a relevant statute. "Clemency is a matter of grace." *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 281 (1998). There is no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1921) (stating an appeal for clemency "is simply a unilateral hope"). Although the DOJ is an

"agency" within the meaning of the APA, "[f]ederal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). The president can grant or deny clemency at will, notwithstanding the DOJ's procedures or criteria. It seems clear that the IEC and the criteria set out therein were primarily intended for the internal guidance of the personnel of the DOJ. Nothing in the regulations says that they are designed to create new and enforceable rights in persons applying for executive clemency. The regulations that do affect clemency are found at 28 C.F.R. §§ 1.0-1.11 and are not binding on the president. 28 C.F.R. § 1.11. Further, the United States Supreme Court has cautioned courts "to avoid interference with the . . . clemency powers vested in the Executive Branch," and has stated that "pardon and commutation decisions . . . are rarely, if ever, appropriate subject for judicial review. *Affronti v. United States,* 350 U.S. 79, 83 (1955); *Woodard,* 523 U.S. at 276; *Dumschat,* 452 U.S. at 464. Petitioner fails to establish that her claims are justiciable under the APA or that the IEC was subject to the APA's notice-and-comment requirements.

Even assuming that the president's clemency power and/or the DOJ's new scheme do not exempt them from constitutional compliance, Petitioner's claims do not entitle her to habeas relief under § 2241. *See Schick v. Reed,* 419 U.S. 256, 267 (1974) (holding "the pardoning power is an enumerated power of the Constitution and that its limitations, if any, must be found in the Constitution itself"). Generally, to obtain federal habeas relief, a petitioner must show that he or she is being held in "violation of the Constitution, or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner asserts that retroactive application of the IEC's criteria, which makes it more onerous for her to qualify for presidential clemency, violates ex post facto principles by applying

4

regulations that were not in effect on the date of her offense. Pet. 2, ECF No. 1. However, the new criteria did not result in increased punishment retroactively for Petitioner. As there is no "risk of increasing the measure of punishment attached to" Petitioner's crimes as a result of the new criteria, their application to her does not violate the ex post facto clause, if it applies at all. *See Garner v. Jones,* 529 U.S. 244, 250 (2000).

Petitioner claims that her right to equal protection was violated because more male prisoners who did not meet the DOJ's criteria were granted clemency and sentence reductions than female prisoners. Pet. 2, ECF No. 1. This claim is conclusory. The equal protection clause requires essentially that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, Petitioner must show that an official actor intentionally discriminated against her because of her membership in a protected class or that she received treatment different from that received by similarly situated inmates and that unequal treatment was based on some constitutionally protected interest. *Gibson v. Tex. Dep't of Ins.,* 700 F.3d 227, 238 (5th Cir. 2012); *Piaster v. Landaus Cty.,* 354 F.3d 414, 424 (5th Cir. 2004). Petitioner wholly fails to establish that she is a member of a protected class; that she was treated differently than similarly situated inmates whose clemency petitions were granted based on intentional discrimination; or that she has a constitutionally protected right under the equal protection clause to clemency or an unbiased decisionmaker in the clemency process. Nevertheless, Petitioner does not assert that she has yet filed a clemency petition and was personally denied or provide proof that such denial was attributable to an improper animus or bias. As such, any possible harm from the alleged defects in the process is purely hypothetical. *See New Orleans Public Serv., Inc. v. Council of City of New Orleans,* 833 F.2d 583, 587 (5th Cir. 1987).

Petitioner's due process claim is equally frivolous. She claims that her right to due process was violated because violent career offenders who did not meet the DOJ's criteria were released, in contravention of its own regulations, while she, an offender with no history of violence and a good prison disciplinary record, was not. Pet. 2, ECF No. 1. According to Petitioner, agencies are required to comply with their own regulations and, "[i]f exceptions are made, then the same must be applied to those similarly situated" under the "*Accardi* Doctrine." *Id.*; *Accardi v. Shaughnessy,* 347 U.S. 260 (1954). However, because Petitioner has no right to clemency, there is no underlying liberty interest entitled to protection under the due process clause. *See Dumschat,* 452 U.S. at 464-67. *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations"). Thus, she is not entitled to due process in connection with the clemency determination or the procedures by which a petition for clemency is considered. *See Woodard,* 523 U.S. at 280-81; *Dumschat,* 452 U.S. at 464-67; *Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 2nd day of May, 2018.

Reed O'Connor
UNITED STATES DISTRICT JUDGE